UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ARCH INSURANCE COMPANY,                           Civ. No.: 2:21-cv-03657-DRH-AKT

                          *Plaintiff*,

      -against-                                                                                   **AMENDED COMPLAINT**

EAST END INVESTIGATIONS & SECURITY, INC.,
BEHIND THE HEDGEROWS LLC, SALLY QUINN AND
ELLEN K HARRISON, TRUSTEES OF THE SALLY
QUINN TRUST and GREGORY HIGGINS,

                          *Defendants*.
------------------------------------------------------------------X

       Plaintiff, ARCH INSURANCE COMPANY ("Arch"), by its attorneys, Rivkin Radler LLP, as and for its Amended Complaint herein, alleges upon information and belief as follows:

### NATURE OF THE ACTION

      1.      In this action, Arch seeks a declaration that it has no duty to defend or to indemnify Defendants, East End Investigations & Security, Inc. ("East End") and Behind the Hedgerows LLC ("BTH"), in an underlying action filed by Defendant Gregory Higgins ("Claimant") against East End, BTH, and others in New York State Supreme Court, Queens County ("Underlying Action"), under the general liability policy that Arch issued to East End ("Arch Policy"). In the Underlying Action, Claimant seeks damages for bodily injuries he allegedly sustained in an accident ("Accident") while he was attending an estate sale at the Grey Gardens Manor located at 3 West End Road in West Hampton, New York ("Premises"). There is no coverage for the Underlying Action under the Arch Policy for several independent reasons.

      2.      There is no coverage under the Arch Policy for East End or BTH for the Underlying Action because the Arch Policy contains a Special Restriction Private Investigator Endorsement, which provides that coverage under the Arch Policy is available only for claims

1

resulting from acts of personnel involving "private investigative or private detective operations", not the security, traffic and crowd control services that East End was allegedly providing at the time of the Accident.

3. There is also no coverage under the Arch Policy for BTH because it does not qualify as an insured under the Arch Policy.

4. Accordingly, Arch has no duty to defend or to indemnify East End and/or BTH in connection with the Underlying Action.

## THE PARTIES

5. At all times relevant hereto, Arch was and is a citizen of Missouri and New Jersey. Arch was and is a Missouri corporation with its principal place of business located in Jersey City, New Jersey.

6. At all times relevant hereto, Arch was and is engaged in the business of issuing policies of liability insurance in the State of New York.

7. At all times relevant hereto, East End was and is a citizen of New York. East End was and is a New York corporation with its principal place of business in Suffolk County, New York.

8. At all times relevant hereto, BTH was and is a citizen of New York based upon the New York citizenship of its member, Susan Wexler. BTH was and is a Delaware limited liability company with its principal place of business in Suffolk County, New York.

9. At all times relevant hereto, Sally Quinn and Ellen K. Harrison, Trustees of the Sally Quinn Trust ("Trustees"), were and are citizens of Washington, District of Columbia.

10. At all times relevant hereto, Claimant was and is a citizen of the State of New York.

## JURISDICTION AND VENUE

11. This Court has original, subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

12. There is complete diversity of citizenship between Plaintiff, Arch, and Defendants, East End, BTH, Trustees and Claimant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## BACKGROUND FACTS

14. The Claimant was allegedly injured on November 17, 2017 while he was attending a tour/estate sale at the Premises.

15. East End was hired by BTH to provide security, traffic and crowd control services at the Premises between November 16, 2017 and November 19, 2017.

16. There was no written contract between BTH and East End on the date of the Accident.

17. Claimant was allegedly instructed by East End, BTH and/or the Trustees to don protective booties before entering the Premises, which were allegedly unsuitable for walking and caused Claimant to slip and fall and sustain injuries.

18. The Claimant filed the Underlying Action against East End, BTH and Trustees seeking damages for the injuries the Claimant allegedly sustained as a result of the Accident.

19. The Trustees asserted crossclaims against East End and BTH, and BTH filed a Third-Party Action against East End, which are included in the "Underlying Action" as used herein.

20. Arch is defending East End in the Underlying Action subject to a disclaimer as to indemnity and pending resolution of this action. In Arch's disclaimer, Arch reserved its right to seek reimbursement of defense costs paid.

21. Arch disclaimed coverage to BTH in connection with the Underlying Action.

22. The Claimant and Trustees are potentially interested and/or necessary parties in this action.

23. An actual controversy exists with respect to Arch's coverage obligations under the Arch Policy in connection with the Underlying Action.

24. Arch has no adequate remedy at law.

## THE ARCH POLICY

25. Arch issued the Arch Policy, general liability policy BIPKG0058808 to East End as the named insured for the policy period of November 20, 2016 to November 20, 2017, with limits of liability of $1,000,000 each occurrence, $1,000,000 aggregate.

26. Subject to its terms, conditions and exclusions, the Arch Policy generally provides liability coverage for "sums that the insured becomes legally obligated to pay as damages" because of "bodily injury" or "property damage" during the policy period that is caused by an "occurrence", defined as an accident. The Arch Policy's Declarations states: "Business Description: Investigative Operations" and designates the "Classification" as "Private Investigators".

27. The Arch Policy also contains other terms, conditions and exclusion that define the scope of coverage under the Arch Policy.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR DECLARATORY RELIEF
**(Special Restriction Private Investigators Endorsement)**

28. Arch repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "27" of the Amended Complaint as if set forth more fully at length herein.

29. The Arch Policy contains a Special Restriction Private Investigators Endorsement that states:

>  This endorsement modifies insurance provided under the following:
>
> **COMMERCIAL GENERAL LIABILITY COVERAGE PART**
>
> **SCHEDULE**
>
> **Other Insured Operations:**
>
> (If no entry appears above, information required to complete this Endorsement will be shown in the Declarations as applicable to this Endorsement.)
>
> It is agreed that coverage under this policy is provided only for claims resulting from the acts of personnel involving "private investigative or private detective operations" unless the claim arises out of other insured operations as shown in the Schedule of this Endorsement.
>
> Private investigative or private detective operations" means any service provided by an insured in exchange for compensation or consideration, which engages in conducting investigations involving but not limited to:
>
> a. crimes, solved or unsolved; or
> b. insurance; or
> c. clandestine surveillance; or
> d. escaped felons or wanted persons subject to reward for capture; or
> e. the origin or cause of a fire, an accident, loss of property, or injury to an individual; or

    f. securing evidence for use in the trial or evaluation of any civil or criminal cause.

30. The Schedule in the Special Restriction Private Investigator Endorsement does not identify any other insured operations.

31. The Arch Policy's Declarations states: "Business Description: Investigative Operations" and designates the "Classification" as "Private Investigators".

32. East End provided security, traffic and crowd control services at the Premises at the time of the Accident.

33. The Claimant does not allege that his alleged injuries resulted from acts of personnel involving "private investigative or private detective operations" or other covered operations designated in the Schedule of the Endorsement.

34. There is no coverage for East End or BTH because the claims in the Underlying Action are not within the scope of coverage provided by the Arch Policy.

35. There is no coverage for East End or BTH for the Underlying Action pursuant to the terms, conditions and exclusions of the Arch Policy.

36. Arch has no adequate remedy at law.

37. An actual controversy exists between the parties.

38. Accordingly, Arch is entitled to a declaration that it has no duty to defend or to indemnify East End and/or BTH in the Underlying Action and that it is entitled to reimbursement of the defense costs paid by Arch by way of restitution or otherwise.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR DECLARATORY RELIEF
### (Additional Insured Coverage)

39. Arch repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "38" of the Amended Complaint as if set forth more fully at length herein.

40. The Arch Policy contains a Blanket Additional Insured Endorsement that states:

    Section II, WHO IS AN INSURED, is amended by adding

    Any person, organization, trustee or estate:

    a. to whom "you" are obligated by written contract to provide insurance such as that afforded by this policy, or

    b. specifically designated as an additional insured on an authorized Certificate of Insurance received by "us" prior to any "occurrence";

    Coverage afforded under (a) or (b) is limited to liability arising out of "your work" for such additional insured(s) and is caused by the negligent acts of the named insured.

    This endorsement shall be excess of any other insurance available except coverage afforded by this endorsement will be primary and non-contributory, but only if and to the extent required by written contract.

41. The Arch Policy defines "you" to mean East End.

42. The Arch Policy defines "us" to mean Arch.

43. East End was not obligated to BTH by written contract to provide insurance such as that afforded by the Arch Policy.

44. BTH was not specifically designated on an authorized Certificate of Insurance received by Arch prior to the Accident.

45. BTH does not qualify as an insured under the Blanket Additional Insured Endorsement of the Arch Policy.

46. BTH does not otherwise qualify as an insured under the Arch Policy.

47. There is no coverage for BTH for the Underlying Action pursuant to the terms, conditions and exclusions of the Arch Policy.

48. Arch has no adequate remedy at law.

49. An actual controversy exists between the parties.

50. Accordingly, Arch is entitled to a declaration that it has no duty to defend or to indemnify BTH in the Underlying Action.

**AS AND FOR A THIRD CAUSE OF ACTION
FOR DECLARATORY JUDGMENT**
(Other Terms, Conditions And Exclusions Of The Arch Policy)

51. Arch repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "50" of the Amended Complaint as if set forth more fully at length herein.

52. The Arch Policy contains other terms, conditions and exclusions that may further preclude coverage for East End and/or BTH in connection with the Underlying Action.

53. For example, the Arch Policy contains a Duties In The Event Of Occurrence, Offense, Claim Or Suit condition that states:

> **2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
>
> a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offence which may result in a claim. To the extent possible, notice should include:
>
> (1) How, where and when the "occurrence" or offense took place;

      (2) The names and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injuries or damage arising out of the "occurrence" or offense.

   b. If a claim is made or "suit" is brought against any insured, you must:

      (1) Immediately record the specifics of the claim or "suit" and the date received; and

      (2) Notify us as soon as practicable.

      You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   c. You and any other involved insured must:

      (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";'

      (2) Authorize us to obtain records and other information;

      (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

      (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

   d. No insureds will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

54. East End and BTH were aware of the Accident on the date it occurred, November 17, 2017.

55. BTH was aware of the Underlying Acton on or before April 10, 2019, the date when it filed its Answer in the Underlying Action.

56. East End first gave notice of the Accident to Arch by correspondence dated November 24, 2020.

57. BTH first gave notice of the Accident and the Underlying Action to Arch by letter dated November 2, 2020.

58. There is no coverage available for East End and BTH to the extent they cannot meet their burden to show that Arch was not prejudiced by their failure to give Arch timely notice of the Accident and/or the Underlying Action and to immediately send Arch copies of summonses and legal papers.

59. In addition, the claims against East End and BTH for breach of contract and failure to procure insurance do not seek damages for "bodily injury" or "property damage" caused by an "occurrence", as those terms are defined by the Arch Policy, and there is no coverage available under the Arch Policy for such claims for this reason as well.

60. There is also no coverage for East End and/or BTH to the extent that other terms, conditions and exclusions of the Arch Policy apply to further preclude coverage.

61. Accordingly, Arch is entitled to a declaration that it also has no duty to defend or to indemnify East End and/or BTH in the Underlying Action.

WHEREFORE, Arch respectfully requests that this Court enter a judgment as follows:

a) Declaring that Arch has no duty to defend and/or to indemnify East End and/or BTH in the Underlying Action by virtue of the Special Restriction Private Investigators Endorsement in the Arch Policy;

b) Declaring that Arch has no duty to defend and/or to indemnify BTH in the Underlying Action because BTH does not qualify as an insured under the Arch Policy;

c) Declaring that Arch has no duty to defend and/or to indemnify East End and/or BTH in the Underling Action to the extent that other terms, conditions and/or exclusions of the Arch Policy apply to further preclude coverage for the Underlying Action;

d) Declaring that Arch has no duty to defend or to indemnify East End and/or BTH in the Underlying Action and that Arch is entitled to reimbursement of the costs it spent defending East End in the Underlying Action; and

e) Awarding Arch such other and further relief as this Court may deem just and proper.

Dated: Uniondale, New York
August 26, 2021

                            RIVKIN RADLER LLP
                            Attorneys for Plaintiff
                            ARCH INSURANCE COMPANY

By:   /s/ Patrick R. O'Mea
      Alan C. Eagle, Esq.
      Patrick R. O'Mea, Esq.
      926 RXR Plaza
      Uniondale, New York 11556-0926
      (516)357-3000